**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

GEORGE KARDASIS,

      Plaintiff,

- against –

SHARKNINJA OPERATING, LLC

      Defendant.

Docket No.: 1:26-cv-01249

**COMPLAINT AND DEMAND FOR JURY TRIAL**

Plaintiff, by and through his attorneys, **JOHNSON BECKER, PLLC** and **MILBERG PLLC,** upon information and belief, at all times hereinafter mentioned, alleges as follows:

**<u>NATURE OF THE CASE</u>**

1. Defendant designs, manufactures, markets, imports, distributes and sells consumer products such as blenders, including the subject "Ninja Blender," which specifically includes the BL680A model (referred to hereafter as "Ninja blender(s)") that is at issue in this case.

2. The Ninja blenders are defectively designed and manufactured in that the unit's stacked blade assembly does not lock into place and is not secured to the gear shaft. When used in its normal and intended manner by consumers, the blade assembly can fall out of the pitcher, putting the user at risk of sustaining sever lacerations and injuries requiring medical attention. The Ninja blenders pose a safety risk to consumers and to other individuals who may be in close proximity to the Ninja blenders while they are in use.

3. Defendant knew or should have known of these defects, but has nevertheless put profit ahead of safety by continuing to sell its Ninja blenders to consumers and failing to recall the dangerously defective Ninja blenders regardless of the risk of significant injuries to Plaintiff and

consumers like him.

4.    Defendant ignored its knowledge of these defects in its Ninja blenders in order to continue generating a profit from the sale of said Ninja blenders, demonstrating a callous, reckless, willful, depraved indifference to the health, safety and welfare of Plaintiff and consumers like her.

5.    As a direct and proximate result of Defendant's conduct, the Plaintiff in this case incurred significant and painful bodily injuries, medical expenses, physical pain, mental anguish, and diminished enjoyment of life.

### PLAINTIFF GEORGE KARDASIS

6.    Plaintiff is a resident and citizen of the city of Brooklyn, County of Kings, State of New York.

7.    On or about April 9, 2023, Plaintiff suffered serious and substantial lacerations as the direct and proximate result of the Ninja blender's blade detaching from blade base during the normal, intended use of the Ninja blender. The incident occurred as the result of the Ninja blenders' defect(s), namely, the Ninja blender's use of an unsecured blade assembly.

### DEFENDANT SHARKNINJA OPERATING, LLC

8.    Defendant SharkNinja is a limited liability company organized under the laws of the State of Delaware with its principal place of business in Massachusetts, whose sole member is EP Midco LLC, a Massachusetts limited liability company created and organized under the laws of the State of Delaware with its principal place of business in Massachusetts, whose sole member is Global Appliance, LLC, a Delaware limited liability company with its principal place of business in Massachusetts, whose sole member is Global Appliance UK Holdco Ltd., a corporation organized under the laws of the United Kingdom with its principal place of business located in England. SharkNinja is therefore a citizen of the United Kingdom and England for the purposes

of diversity jurisdiction under 28 U.S.C. § 1332.10. Accordingly, Defendant SharkNinja is a resident and citizen of the State of Massachusetts for purposes of diversity jurisdiction under 28 U.S.C. § 1332.

### JURISDICTION & VENUE

9.      This Court has subject matter jurisdiction over this case pursuant to diversity jurisdiction prescribed by 28 U.S.C. § 1332 because the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and there is complete diversity between the parties.

10.     Venue is proper in this Court pursuant to 28 U.S.C. §1391 because all or a substantial part of the events or omissions giving rise to this claim occurred in this District.

11.     Venue is also proper in this Court pursuant to 28 U.S.C. § 1391 because Defendant has sufficient minimum contacts with the State of New York and intentionally availed itself of the markets within New York through the promotion, sale, marketing, and distribution of its products.

### FACTUAL BACKGROUND

12.     Ninja blenders, including the Ninja blender that injured the Plaintiff, essentially have three main components: a base unit which contains a high-speed motor and a gear shaft ("motor base"); a pitcher, which locks on to the motor base; and a stacked blade assembly with six sharp blades which is dropped onto the gear shaft ("blade assembly"). and a plastic lid mounted with metal blades ("blade base"), which screws into the cup and is energized by the base.

13.     To assemble the unit, the user first aligns and lowers the pitcher onto the motor base, then rotates the pitcher clockwise until the pitcher locks in to place.  Next the user takes the blade assembly and places it onto the gear shaft.  Once the user has added the desired ingredients, the lid is placed on top of the pitcher and locked into place.



*See* Ninja BL680A Owner's Guide, pg. 8.

14.     Unlike the pitcher and the pitcher lid, the blade assembly does not lock into place, and is not otherwise secured to the gear shaft.  Instead, the blade assembly sits "loosely on the drive gear."[1]

15.     As a result, if the user pours the pitcher after removing the lid, or if the lid falls off the pitcher during pouring, the loose blade assembly can easily fall out of the pitcher and onto consumers, resulting in physical injuries such as severe lacerations.

16.     Defendant SharkNinja became aware of this defect as early as November 12, 2015, when, in conjunction with the Consumer Product Safety Commission (CPSC), it recalled roughly 1.1 million of its Ninja BL660 series blenders for this exact defect.[2]

---

[1] *See* Ninja BL680A Owner's Guide, pg. 8.  A copy of the Owner's Guide is attached hereto as "Exhibit A."

[2] *See* the CPSC Recall Notice from November 12, 2015 (https://www.cpsc.gov/Recalls/2016/Laceration-Injuries-Prompt-SharkNinja-to-Recall-Ninja-BL660-Blenders), a copy of which is attached hereto as "Exhibit B."

17.     According to the CPSC, the firm received 53 reports of lacerations caused by the stacked blade assembly falling out of the pitcher when consumers poured or inverted the pitcher after removing the lid with the blade assembly still inside.[3]

18.     Despite its knowledge of this defect, Defendant SharkNinja has continued to sell and design blenders with loose, unsecured blade assemblies, including blenders like the BL680A blender involved in this case.

19.     The Ninja blenders have been designed and manufactured such that consumers cannot safely use them in the intended manner without risk of physical injury.

20.     By reason of the forgoing acts or omissions, the above-named Plaintiff purchased the Ninja blender with the reasonable expectation that it was properly designed and manufactured, free from defects of any kind, and that it was safe for its intended, foreseeable use of blending.

21.     Plaintiff used his Ninja blender for its intended purpose of preparing meals for himself and/or family and did so in a manner that was reasonable and foreseeable by Defendant.

22.     However, the aforementioned Ninja blender was defectively designed and manufactured by Defendant in that its loose, unsecured blade assembly is able to fall out of the pitcher during the normal, intended use of the Ninja blender, putting consumers, such as Plaintiff, at risk of lacerations and other physical injuries.

23.     Defendant's Ninja blenders possess defects that make them unreasonably dangerous for their intended use by consumers because the stacked blade assembly does not lock into place and is not otherwise secured to the gear shaft.

24.     Economic, safer alternative designs were available that could have prevented the Ninja blender's blade assembly from easily falling out of the pitcher when it is poured or inverted.

---

[3] *Id.*

Examples of such designs include, but are not limited to, securing or affixing the blade assembly to the gear shaft or designing a blade assembly that locks into place.

25.    As a direct and proximate result of Defendant's intentional concealment of such defects, its failure to remove a product with such defects from the stream of commerce, and its negligent design of such products, Plaintiff used an unreasonably dangerous blender, which resulted in significant and painful bodily injuries.

26.    Consequently, the Plaintiff in this case seeks damages resulting from the use of Defendant's blender as described above, which has caused the Plaintiff to suffer from serious bodily injuries, medical expenses, physical pain, mental anguish, diminished enjoyment of life, and other damages.

## CLAIMS FOR RELIEF

### COUNT I
### STRICT LIABILITY

27.    Plaintiff incorporates by reference each preceding and succeeding paragraph as though set forth fully at length herein.

28.    At the time of Plaintiff's injuries, Defendant's Ninja blenders were defective and unreasonably dangerous for use by foreseeable consumers, including Plaintiff.

29.    Defendant's Ninja blenders were in the same or substantially similar condition as when they left the possession of Defendant.

30.    Plaintiff did not misuse or materially alter the Ninja blender.

31.    The Ninja blenders did not perform as safely as an ordinary consumer would have expected them to perform when used in a reasonably foreseeable way.

32.    Further, a reasonable person would conclude that the possibility and serious of harm outweighs the burden or cost of making the Ninja blenders safe. Specifically:

a.  The Ninja blenders designed, manufactured, sold, and supplied by Defendant were defectively designed and placed into the stream of commerce in a defective and unreasonably dangerous condition for consumers;

b.  The seriousness of the potential laceration injuries resulting from the product drastically outweighs any benefit that could be derived from its normal, intended use;

c.  Defendant failed to properly market, design, manufacture, distribute, supply, and sell the Ninja blenders, despite having extensive knowledge that the aforementioned injuries could and did occur;

d.  Defendant failed to adequately test the Ninja blenders; and

e.  Defendant failed to market an economically feasible alternative design, despite the existence of the aforementioned economical, safer alternatives, that could have prevented the Plaintiff' injuries and damages.

33.  Defendant's actions and omissions were the direct and proximate cause of the Plaintiff's injuries and damages.

**WHEREFORE**, Plaintiff demands judgment against Defendant for damages, together with interest, costs of suit, and all such other relief as the Court deems proper.

## COUNT II
## NEGLIGENT DESIGN DEFECT

34.  Plaintiff incorporates by reference each preceding and succeeding paragraph as though set forth fully at length herein.

35.  Defendant is the manufacturer, seller, distributor, marketer, and supplier of the subject Ninja blenders, which were negligently designed.

36.  Defendant failed to exercise reasonable care in designing, developing, manufacturing, inspecting, testing, packaging, selling, distributing, labeling, marketing, and promoting its Ninja blenders, which were defective and presented an unreasonable risk of harm to consumers, such as the Plaintiff.

37.  As a result, the subject Ninja blenders, including Plaintiff's Ninja blender, contain

defects in their design which render them unreasonably dangerous to consumers, such as the Plaintiff, when used as intended or as reasonably foreseeable to Defendant, which causes an unreasonable increased risk of injury.

38.    Plaintiff in this case used his Ninja blender in a reasonably foreseeable manner and did so as substantially intended by Defendant.

39.    The subject Ninja blender was not materially altered or modified after being manufactured by Defendant and before being used by Plaintiff.

40.    As a direct and proximate result of Defendant' negligent design of its Ninja blenders, the Plaintiff in this case suffered injuries and damages described herein.

**WHEREFORE**, Plaintiff demands judgment against Defendant for damages, together with interest, costs of suit, and all such other relief as the Court deems proper.

## COUNT III
### NEGLIGENCE

41.    Plaintiff incorporates by reference each preceding and succeeding paragraph as though set forth fully at length herein.

42.    Defendant has a duty of reasonable care to design, manufacture, market, and sell non-defective Ninja blenders that are reasonably safe for their intended uses by consumers, such as Plaintiff and his family.

43.    Defendant failed to exercise ordinary care in the manufacture, sale, warnings, quality assurance, quality control, distribution, advertising, promotion, sale and marketing of its Ninja blenders in that Defendant knew or should have known that said Ninja blenders created a high risk of unreasonable harm to the Plaintiff and consumers alike.

44.    Defendant negligent in the design, manufacture, advertising, warning, marketing and sale of its Ninja blenders in that, among other things, it:

a. Failed to use due care in designing and manufacturing the Ninja blenders to avoid the aforementioned risks to individuals;

b. Placed an unsafe product into the stream of commerce;

c. Aggressively over-promoted and marketed its Ninja blenders through television, social media, and other advertising outlets; and

d. Were otherwise careless or negligent.

45. Even though Defendant knew or should have known of the aforementioned defects, Defendant continued to market (and continue to do so) its Ninja blenders to the general public.

**WHEREFORE**, Plaintiff demands judgment against Defendant for damages, together with interest, costs of suit, and all such deems proper.

## DEMAND FOR JURY TRIAL

Plaintiff demands that all issues of fact of this case be tried to a properly impaneled jury to the extent permitted under the law.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff demands judgment against the Defendant for damages, including exemplary damages if applicable, to which they entitled by law, as well as all costs of this action, interest and attorneys' fees, to the full extent of the law, whether arising under the common law and/or statutory law, including:

a. judgment for Plaintiff and against Defendant;

b. damages to compensate Plaintiff for his injuries, economic losses and pain and suffering sustained as a result of the use of the Defendant's Ninja blenders;

c. pre and post judgment interest at the lawful rate;

d. a trial by jury on all issues of the case; and

e. for any other relief as this Court may deem equitable and just, or that may be available under the law of another forum to the extent the law of another forum is applied, including but not limited to all reliefs prayed for in this Complaint and in the foregoing Prayer for Relief.

Respectfully submitted,

**MILBERG PLLC**

Date: <u>March 4, 2026</u>

*/s/ Randi Kassan, Esq.*
Randi Kassan, Esq.
100 Garden City Plaza
Suite 408
Garden City, NY 11530
516-741-5600 / 516-741-0128 (fax)
Rkassan@milberg.com

*In association with:*

**JOHNSON BECKER, PLLC**

Adam J. Kress, Esq.  (#0397289)
*Pro Hac Vice to be filed*
444 Cedar Street, Suite 1800
Saint Paul, MN 55101
(612) 436-1800 / (612) 436-1801 (fax)
akress@johnsonbecker.com

***Attorneys for Plaintiff***